**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HASAN KENDRICK, | : | |
| Plaintiff, | : | Civil Action No. 15-8354 (CCC) |
| v. | : | **MEMORANDUM OPINION** |
| LT. GERRY GUANCI, et al., | : | |
| Defendants. | : | |

*Pro se* Plaintiff Hasan Hendrick brings this action *in forma pauperis* pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). It appearing:

1. It is not clear what claims Plaintiff is raising, but a thorough review of the Complaint seems to suggest that Plaintiff is challenging the grand jury proceeding in a state criminal prosecution against him. (*See* ECF No. 1 at 4 ("The grand jury proceeding conducted by prosecutor Mira Ohm for the state of New Jersey clearly violates the laws governing the grand jury process.").) The Complaint also does not state what relief Plaintiff is seeking.

2. A plaintiff can pursue a cause of action under § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall

> be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must establish, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-1 (1999); *Morrow v. Balaski*, 719 F.3d 160, 166-67 (3d Cir. 2013).

3. Here, Plaintiff does not state a claim that his rights under the Constitution or federal law have been violated. Plaintiff specifically alleges that his grand jury proceeding "violate[d] the laws governing the grand jury process." (ECF No. 1 at 4.) Since this was a state criminal matter, the law governing that grand jury proceeding was state law. Violations of state law do not necessarily state cognizable § 1983 claims. *Butler v. Pa. Bd. of Prob. and Parole*, 613 F. App'x 119, 124 (3d Cir. 2015) (citing *McMullen v. Maple Shade Twp.*, 643 F.3d 96, 99 (3d Cir. 2011)). Without more, the Court cannot discern any claim under the Constitution or federal law.

4. To the extent Plaintiff is raising a malicious prosecution claim—on account of his allegations that some of the statements made by police officers to the grand jury were fabricated, (ECF No. 1 at 4)—Plaintiff fails to state a claim upon which relief may be granted, because one of the essential elements of a malicious prosecution claim is that the criminal proceeding ended in Plaintiff's favor. *Kossler v. Crisanti*, 564 F.3d 181. 186 (3d Cir. 2009) (en banc). "[T]o determine whether a party has received a favorable termination in the underlying case, the court considers the judgment as a whole in the prior action; . . . the termination must reflect the merits of the action and the plaintiff's innocence of the misconduct alleged in the lawsuit." *Id.* at 188. The Court presumes that Plaintiff filed this lawsuit because the grand jury proceeding *did not* result in an

outcome favorable to him—it is likely that the grand jury returned with an indictment against him. Regardless, there is certainly no allegation in the Complaint that the proceeding ended in his favor.

5. Given the lack of other factual allegations, the Court does not construe the Complaint as raising any other claim. As such, the Complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted. To the extent it is possible, Plaintiff is afforded 30 days from the date of the accompanying Order to amend the Complaint to cure the defects identified herein.

_____
Claire C. Cecchi, U.S.D.J.

Dated: Feby 1, 2017